Howard T. Hogan, J.
In this proceeding in eminent domain, the Village of Old Brookville seeks to condemn a 1%-acre parcel of land for park purposes. The subject property is an irregularly shaped plot lying on the west side of the Greenvale-Grlencove Road. It is bounded on the north and west by the old right of way of Simonson Road which, in turn, is bounded on the west by the Long Island Rail Road right of way.
The claimant property owner has interposed an answer to the petition herein and objects to the condemnation on several grounds. Claimant contends that the petitioner is not acting from reasons of public necessity but is attempting to preserve the two-acre residential zoning in the community, that the subject property is not suitable for the existing zoning, and that park purposes would serve no real public necessity or use. Claimant also contends that the petition is jurisdictionally defective in that no specific description of the subject property is contained therein, that the taking map was not prepared by the Village Clerk and that the notice of the hearing on the map was not published three times in the official newspapers of the county pursuant to subdivision b of section 11—22.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) but only once.
The law is clear beyond any possible doubt that the question of necessity or expediency of a taking in eminent domain lies within the discretion of the legislative branch of government and is not a proper subject for judicial review (Matter of City of New York [Ely Ave.], 217 N. Y. 45). Absent unreasonableness, the exercise of the power of eminent domain made in good faith will not be interfered with by the courts (Cuglar v. Power Auth. of State of New York, 4 Misc 2d 879, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006; People v. Fisher, 190 N. Y. 468).
It is equally clear that whether a proposed condemnation is for a public purpose is a judicial question (Matter of Niagara Falls & Whirlpool Ry. Co., 108 N. Y. 375; Denihan Enterprises v. O’Dwyer, 302 N. Y. 451). A taking for park purposes is constitutionally permissible and is construed as a taking for a public purpose (Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234).
In this proceeding, the Village Board of Trustees, acting in its legislative capacity, has determined that it was necessary for this parcel to be taken by condemnation for park purposes. The question of necessity has been determined, the proposed use is a constitutionally proper one and there has been no evidence presented that the property will not be so used or that the village board acted arbitrarily or unreasonably in their selection of a proper site for the park.
*482 A careful review of the petition also discloses an accurate metes and hounds description of the property to be taken with sufficient certainty so that there is absolutely no question of which parcel is being condemned.
The utilization of the Nassau County land and tax map, modified so as to convert it into a taking map, includes all of the requirements specified in subdivision a of section 11-22 of the Administrative Code. The petition is, therefore, not defective in these particulars.
The fact that petitioner published the notice of the hearing on the map only once, however, presents a more difficult question. Is this entire proceeding thereby rendered jurisdictionally defective? We think not.
The condemnee must be given an adequate opportunity to be heard on the subject of compensation but there need not be any other notice of an intended taking unless some statute requires a hearing (People v. Adirondack Ry. Co., 160 N. Y. 225, affd. 176 U. S. 335; Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342). Such hearing is required pursuant to section 11-22.0 of the Nassau County Administrative Code (L. 1939, chs. 272, 701-709, as amd.). Due process requires adequate notice so that an interested party may be given the opportunity to be heard (Fifth Ave. Coach Lines v. City of New York, supra; Schroeder v. City of New York, 10 N Y 2d 522, revd. 371 U. S. 208).
In the case at bar, there is no attack upon the notice statute on constitutional grounds nor is there any dispute that the claimant received actual notice of the hearing on the map and on the proposed condemnation. The claimant merely argues that the failure to publish notice of the hearing three times is a jurisdictional defect. Subdivision b of said section 11-22.0 provides that a failure of the property owner to receive notice as required shall not invalidate the proceeding. It is obvious, therefore, that the section is designed to give the public-at-large notice and an opportunity to be heard on a proposed taking.
• Claimant, having been given adequate notice and not having availed itself of its opportunity to be heard, cannot now be heard to complain nor is he a party aggrieved by the technical defect in the notice. Pursuant to section 11-73.0 of the Administrative Code, this court has the power to cure such defect or informality. In our opinion, the defect, on the record before us, is not jurisdictional.
Accordingly, the petition to condemn is granted.