Murray T. Feiden, J.
In this action for declaratory judgment, injunctive relief and money damages, plaintiffs move for a preliminary injunction barring further proceeding to condemn the site owned by the corporate plaintiff; and defendant cross-moves for summary judgment.
The New York City Transit Authority (Transit Authority) decided that it needed a new electrical substation on the BMT West End line to meet additional power requirements and requested the New York City Site Selection Board (Selection Board) to designate one of several submitted alternate sites. Corporate plaintiff owns the site selected by the Selection Board. Plaintiff Smatt appeared on behalf of corporate plaintiff at a public hearing before the Selection Board in opposition to selection of its site. After considering alternate sites the Selection Board chose plaintiff’s property. On April 16, 1973 the Mayor approved the Selection Board’s resolution.
Plaintiff objects that (1) its property is being taken without due process of law in that it did not receive proper notice of the hearing; (2) the power of the Selection Board to designate, and of the Mayor to approve, condemnation sites is an illegal delegation of legislative powers; (3) Selection Board members may not appoint deputies to act for them; and (4) selection of its site is arbitrary and capricious and is made in bad faith.
I. Did corporate plaintiff receive requisite notice of the hearing and an opportunity to be heard?
Eminent domain is an inherent sovereign power limited — not conferred — by constitutional provision. All the Constitution requires is that notice be given the property owner and an opportunity to be heard on the question of compensation (People v. Adirondack Ry. Co., 160 N. Y. 225, affd. 176 U. S. 335). Additional notice, above the constitutional minimum, must be provided for by statute (Matter of Inc. Vil. of Old Brookville, 75 Misc 2d 480).
To allege that plaintiffs were deprived of notice of Transit Authority’s site recommendations to the Selection Board charges no violation of law. Transit Authority’s procedure in making site recommendations to the Selection Board is governed by the Rapid Transit Law. No provision is made in *713 that, or any other, statute requiring the Transit Board to give notice or afford a hearing of its site recommendations to the Selection Board.
That plaintiffs were not afforded an opportunity to appear before the Mayor before he approved the .Selection Board’s site is not violative of any constitutional provision or statute. Neither section 227 of the New York City Charter, under which the Mayor’s certificate of approval is issued nor any other statute requires such hearing.
II. Is the authority of the Selection Board and the Mayor to choose condemnation sites an illegal delegation of power?
The power of eminent domain has been delegated to all cities in this State and such delegation of power to the city is contained in its charter (Matter of City of New York [Ely Ave.], 217 N. Y. 45, 52; General City Law, § 20, subd. 2; New York City Charter, § 381). The Selection Board is charged with designating, and the Mayor with approving, sites (New York City Charter, § 227).
Plaintiffs charge that delegation of such power to the Selection Board and the Mayor violates the doctrine of separation of powers and is further improper because members of the Selection Board are not elected officials. Legislative power may be delegated to administrative or executive officials of municipalities (Matter of Village of Saratoga Springs v. Saratoga Gas Co., 191 N. Y. 123, 138). The State’s power to appropriate is exercisable by an executive official, the Commissioner of Transportation (Highway Law, § 30, subd. 2). In Matter of Gilbert El. Ry. Co. (70 N. Y. 361) the court approved delegation of power to a Board of Commissioners.
III. May members of the Site Selection Board appoint deputies to act for them?
The Selection Board consists of Director of the Budget, Comptroller, Director of City Planning, Administrator of Municipal Services and President of the Borough in which the project is located.
Plaintiffs charge that the Board acted without a quorum because only the Director of the Budget acted in person. All other members acted through deputies.
New York City Charter (§ 1101, subd. a) authorizes the head of a department to designate “ any deputy to possess any of his powers and exercise such of his duties and for such times and under such conditions as he may specify.”
The Comptroller’s vote was cast by the first Deputy Comptroller, duly designated to serve on the Board as the Comp *714 troller’s deputy. The New York City Charter (§ 94, subd. b) empowers a Deputy Comptroller to “ act. in the place of the comptroller as a member of the board of estimate or of any other board”.
The vote of the Administrator of Municipal Services was cast by the Acting Administrator of Municipal Services duly designated to sit on the Board as his Deputy. The New York City Charter (§ 1602) authorizes the Administrator to “ exercise or delegate any of the functions, duties and powers vested in him or in the administration ”.
The vote of the Director of City Planning was cast by the Acting Director. The New York City Charter (§ 1101, subd. a, supra) authorizes the deputy to act for him.
Members of the Selection Board are heads of administrations or departments. They may therefore properly appoint deputies to act for them on the Selection Board.
IV. Is the city’s delegated power to condemn limited by the necessity and wisdom of the site choice 1
Although the Legislature may limit delegation of power to condemn (Matter of Union El. R. R. Co., 112 N. Y. 61, 74) on proof of necessity, absent such provision, that question is not judicially reviewable (Matter of Public Service Comm., 217 N. Y. 61).
No challenge is made to the necessity of erecting a new substation in this case. The challenge is to the site choice. Claims that other available sites are more suitable are no basis to set aside the choice. Site selection is properly for the condemning authority, the Selection Board, not for the court (Chelnik v. Wagner, 2 Misc 2d 29, 37, affd. 2 A D 2d 668).
It is the judgment of the court that section 1204 (subd. 3-a) of the Public Authorities Law and sections 94 (subd. b), 227, 1101, (subd. a), and 1602 of the New York City Charter are valid.
It is the further judgment of the court that corporate nlaintiff’s property is not being taken without due process of law, that it received proper notice of the hearing before the Site Selection Board and was given a full opportunity to be heard, that it is not entitled to notice of the Transit Authority’s site recommendations to the Selection Board or an opportunity to be heard before the Transit Authority, that it is not entitled to a hearing before the Mayor on his approval of the Selection Board’s resolution, that the authority of the Site Selection Board and Mayor to choose condemnation sites is not an illegal delegation of legislative power, that members of the Site Selec *715 tion Board may, and did, legally appoint authorized deputies to act for them on the board, that choice of plaintiff’s site was made in good faith, and that questions of necessity and expediency of the choice of plaintiff’s property are not proper subjects of judicial review.
Plaintiff’s motion for temporary injunction is denied.
Defendant is awarded judgment.