KEYSTONE ASSOCIATES, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 49592.)

Third Department, June 1, 1972.

*Bergreen & Bergreen* (*David Brady, Bernard D. Bergreen* and *Abraham Hornstein* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Grace K. Banoff* of counsel), for respondent.

HERLIHY, P. J. This is an appeal from an order of the Court of Claims, entered on June 26, 1970, which granted respondent's motion, pursuant to CPLR 3211, to dismiss appellant's claim.

Claimant appeals from an order of the court dismissing the instant claim against the State on the grounds that the court does not have jurisdiction of the subject matter and that the claim failed to state a cause of action.

In *Matter of Keystone Assoc.* v. *Moerdler* (19 N Y 2d 78, mot. for rearg. den. 19 N Y 2d 598) the facts are set forth in detail. The court held that chapter 691 of the Laws of 1966 was unconstitutional in that it unreasonably deprived the appellant of the beneficial use of its property without payment of just compensation. After this determination the appellant filed the instant claim against the State seeking $3,599,761 as damages for the temporary appropriation of its interests during the period between the enactment of the statute and January 17, 1967, when it was finally issued a demolition permit.

In the event there has been an appropriation the question of sovereign immunity is of no consequence as the Constitution of this State expressly provides in subdivision (a) of section 7 of article I: " Private property shall not be taken for public use without just compensation."

If a valid statute or lawful action were essential to give rise to an appropriation, there would be no *de facto* appropriations (cf. *City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241). Negative easements created by statute or ordinances (e.g., zoning ordinances) pursuant to the police power are not a compensable taking within the meaning of said section 7 of article I (*Terrace Hotel Co.* v. *State of New York,* 19 N Y 2d 526), however, it has already been determined that chapter 691 of the Laws of 1966 did not constitute an exercise of the police power (*Matter of Keystone Assoc.* v. *Moerdler, supra,* pp. 86, 87).

That chapter 691 of the Laws of 1966, if valid, constituted an appropriation of compensable real property interests for the 180-day period at issue herein would appear reasonably certain from the decision in *Matter of Keystone Assoc.* v. *Moerdler (supra).* The court stated (p. 89): " In summary, this statute was not one enacted in furtherance of the police power. In [*sic*] constitutes an unreasonable interference with property rights for which the State must provide a sure and certain fund for recovery of the damage which will be suffered. The amount of such fund must be established through the judicial process, not by the Legislature." It was further observed in the dissenting opinion of the then Chief Judge DESMOND (p. 91) " the measure of damages for property appropriated for a temporary period of time is the loss of rental value during that time plus any damage to the fee caused by the temporary use (*Mead* v. *State of New York,* 24 A D 2d 1043; *Spencer* v. *State of New York,* 206 App. Div. 376)."

There is no dispute that some of the alleged appropriation of property rights occurred as the result of compliance with the special law as has already been found by the Court of Appeals in the *Moerdler* case.

Doubt as to whether the trial court or this court could hold that as a matter of law there was no *de facto* appropriation is dispelled by the repeated references in *City of Buffalo* v. *Clement Co.* (28 N Y 2d 241, *supra*) to the *Moerdler* case as an example of a *de facto* appropriation. Upon this motion it appears that there was in fact an appropriation of property interests necessarily temporary in nature prior to the final determination by the courts as to the validity of the special law. A *de facto* appropriation requires compensation to the same extent as a *de jure* appropriation. It is noted that the State was a party to the proceedings in *Matter of Keystone Assoc.* v. *Moerdler (supra)* by intervention.

Having determined that the claim cannot be dismissed at this stage of the proceedings for failure to allege an appropriation, the question would seem to remain as to whether or not there could be liability by the State.

Chapter 691 of the Laws of 1966 was acknowledged in both the majority opinion and the dissenting opinion in *Matter of Keystone Assoc.* v. *Moerdler (supra)* as being a taking expressly for the public use. A reading of chapter 691 of the Laws of 1966 discloses that although the condemnation was to be accomplished by a presumably autonomous and private corporation, the initial 180-day appropriation would occur by the force and

effect of the special law without any reference to condemnation proceedings. In any event, the *power to delegate* rights of eminent domain for a public use by the State to a corporation not otherwise an agent of the State has long been established. (See *Matter of Townsend,* 39 N. Y. 171.) While the reasoning employed in *Sage* v. *City of Brooklyn* (89 N. Y. 189) would not be applicable, the court therein imposed liability for compensation on a defendant not named as liable therefor in the taking statute.

Had our present special law been upheld it is remotely possible that the reference to the City of New York in section 9 thereof might have been construed to impose liability upon the city in accordance with the *Sage* case.

In the present case the power of eminent domain was exercised by the State of New York whether directly or indirectly through the created corporation and, in accordance with the Constitution on the present motion, a compensation claim for the *de facto* appropriation is sustainable. Since chapter 691 of the Laws of 1966 was declared unconstitutional there is no autonomous corporation which could be liable and there would be no basis for liability on the part of the City of New York. No impediment is perceived as to liability on the part of the State and there would appear no basis for overriding the fundamental requirement of compensation as contained in our Constitution. For the foregoing reasons and more particularly, in reliance upon the Court of Appeals decision in *Matter of Keystone Assoc.* v. *Moerdler* (*supra*), it appears that the State is the proper party responsible for the alleged *de facto* appropriation.

The claim alleges damages and upon the present motion it does not appear necessary to consider what might or might not be recoverable. It is noted that in the case of *Terrace Hotel Co.* v. *State of New York* (*supra*) costs incurred in seeking damages for an appropriation were permissible where there was a discontinuance of the appropriation by the State. The State in enacting chapter 691 specifically recognized that damages might occur as the result of the 180-day inference. It is noted that the claim indicates that the claimant has received some moneys for damages from the fund provided in chapter 691 of the Laws of 1966.

What damages, if any, the claimant is entitled to receive are not before the court.

Upon the present record it appears that the Court of Claims has jurisdiction and that the claim states a cause of action and,

therefore, the order should be reversed and the motion to dismiss the claim denied.

REYNOLDS, J. (dissenting). We would affirm the order of the Court of Claims dismissing appellant's claim on the grounds that the court did not have jurisdiction of the subject matter and that the claim failed to state a cause of action.

The Court of Appeals decision in *Matter of Keystone Assoc. v. Moerdler* (19 N Y 2d 78, mot. for rearg. den. 19 N Y 2d 598) held that chapter 691 of the Laws of 1966 was unconstitutional in that it unreasonably deprived the appellant of the beneficial use of its property without payment of just compensation.

Clearly the statute would have been upheld had the Legislature required the Old Met Opera House Corporation to post a *reasonable* security in the event it failed to complete the condemnation proceedings.

Though the State may have chosen to intervene into the proceedings in *Matter of Keystone v. Moerdler* (*supra*) this cannot and should not be construed as an admission of liability on its part; the State has the right and duty to intervene in many suits brought by and against private '' persons ''.

While the State by enacting the Court of Claims Act has, in part, terminated its immunity derived from its status as a sovereign (*Weiss v. Fote,* 7 N Y 2d 579; *Bernardine v. City of New York,* 294 N. Y. 361), the State has clearly not waived its immunity from suit when performing a purely governmental function (*Gross v. State of New York,* 33 A D 2d 868; *Granger v. State of New York,* 14 A D 2d 645). Unquestionably the enactment of a statute is a purely governmental function not comparable to the acts of individuals or corporations, and the State thus cannot be sued for such enactment. Further, a void statute confers no rights and imposes no duties (*Matter of Kesbec, Inc. v. Taylor,* 253 App. Div. 353, mod. *sub nom. Matter of Kesbec, Inc. v. McGoldrick* on other grounds 278 N. Y. 293, rearg. den. 278 N. Y. 716). Moreover, the enactment of the statute did not cause appellant's alleged injuries. The statute authorized the creating of an autonomous, private corporation (see L. 1966, ch. 691, § 7) which, upon its creation should any interested private citizen desire such, could acquire or purchase (see L. 1966, ch. 691, § 3) the Metropolitan Opera House. Should the corporation receive notice of the possible demolition of the building it could deposit $200,000 as security and then the Superintendent of Buildings in New York City could, *if he so chose,* refuse to issue a demolition permit for a period of 180 days, giving the corporation time to raise sufficient capital

for such acquirement (see L. 1966, ch. 691, § 8). Thus it was the action of the Old Met Opera House Corporation which brought about the running of the 180-day moratorium period on the issuance of "condemnation" proceedings by the corporation which caused the appellant's alleged injuries. We cannot agree with the following statement in the majority memorandum: "A reading of chapter 691 of the Laws of 1966 discloses that although the condemnation was to be accomplished by a presumably autonomous and private corporation, the initial 180-day appropriation would occur by the force and effect of the special law without any reference to condemnation proceedings". As we have pointed out, it was the action by the Old Met Opera House Corporation which brought about the 180-day stay and not "the force and effect of the special law" alone. Moreover the statute says the Superintendent of Buildings "may" refuse to issue the permit which made it discretionary with the Superintendent as to whether the permit would be refused. It is difficult to see how the State can be said to have itself prevented the demolition under these circumstances. The State is not liable for any action taken by the Old Met Opera House Corporation. This corporation does not meet any of the traditional tests applied when an "agency" relationship has been found which vests jurisdiction in the Court of Claims (see *Story House Corp.* v. *State of New York Job Development Auth.*, 37 A D 2d 345).

*Matter of Keystone Assoc.* v. *Moerdler* (*supra*) does not explicitly or implicitly place liability for the appropriation upon the State. The court noted that "the Legislature is not willing to invest public funds in order to appropriate the building and is perfectly willing to see it demolished in six months if private funds are not forthcoming" (*Matter of Keystone Assoc.* v. *Moerdler, supra,* p. 87).

The State of New York has delegated the power of condemnation to many private corporations in this State vested with a public interest (i.e., railroads, public utilities), however, the State has not been held accountable for their actions.

In our view, the order of the Court of Claims should be affirmed.

GREENBLOTT and SWEENEY, JJ., concur with HERLIHY, P. J.; COOKE and REYNOLDS, JJ., dissent and vote to affirm in an opinion by REYNOLDS, J.

Order reversed, on the law and the facts, and motion to dismiss claim denied, without costs.