In the Matter of VINCENT J. VACCARO, Petitioner, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. (Proceeding No. 1.)

In the Matter of EGBERT BAGG, IV, et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. (Proceeding No. 2.)

Third Department, October 19, 1989

---

APPEARANCES OF COUNSEL

*Evans, Severn, Bankert & Peet (Thomas F. O'Donnell* of counsel), for petitioner in proceeding No. 1.

*G. Gordon Davis* for petitioners in proceeding No. 2.

*Robert Abrams, Attorney-General (John J. Pickett* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Petitioners Egbert Bagg, IV and Caroline Bagg Monson are holders of life estates in certain real property consisting of approximately 1,063 acres, commonly known as the Pine Lake property, in Hamilton County in the Adirondack Park. The subject property comprises forest lands, Pine Lake and Little Pine Lake, several camps and a portion of the South Branch of West Canada Creek. The latter has been designated a wild river pursuant to ECL 15-2714 (1) (g). The Pine Lake property is completely surrounded by State-owned land designated "wild forest" and has a high priority for acquisition for State land consolidation purposes. After several years of negotiations to purchase the property, respondent Department of Environmental Conservation (hereinafter DEC), notified petitioner Vincent J. Vaccaro, the owner in fee, of the proposed eminent domain appropriation and offered to purchase the property for $340,000. Vaccaro declined this offer.

After a public hearing held pursuant to EDPL article 2 at which, *inter alia,* hundreds of written statements and petitions signed by over 1,300 persons were submitted in opposition to the appropriation, respondent Commissioner of Environmental Conservation (hereinafter the Commissioner) found that the subject properties were "entirely surrounded by state-owned Forest Preserve lands" and that appropriation of the property would accomplish DEC objectives by:

a. Consolidating State-owned forest preserve lands;

b. Providing additional recreational opportunities for the public;

c. Eliminating administrative and environmental problems associated with increased usage of an access road;

d. Protecting the natural resources of the property from further development.

The Commissioner ordered the appropriation of the Pine Lake property, subject to the life estates of Bagg and Monson. Petitioners then commenced the present proceedings challenging the Commissioner's determination.

 Initially, we find merit to the Commissioner's contention that Bagg and Monson, petitioners in proceeding No. 2 and the owners of a life estate in the Pine Lake property, are not aggrieved persons under EDPL 207 (A) because the appropriation was expressly made subject to their interest. Bagg's and Monson's life-estate interest is an exclusive right of use and possession of approximately eight acres of the Pine Lake property with certain nonexclusive rights in the remaining 1,055 acres. The nonexclusive rights include the right to use a water supply, certain easement rights of egress and ingress, the rights to boat on Pine Lake and to hunt, fish and cut firewood on the remainder of the property.

The Commissioner's determination expressly provides that the life estate will be honored and makes the appropriation subject to those rights. Since their life tenant exclusive rights have been preserved, Bagg and Monson are not aggrieved by the Commissioner's determination as to that part of their interest. Their claim concerning their nonexclusive rights in the remainder of the property is, in essence, in the nature of an easement right over the property for the duration of their life estate interests. As such, they lack the legal power to prohibit general use or enjoyment of the property by the owner in fee (see, Rahabi v Morrison, 81 AD2d 434, 440). Their nonexclusive rights are subject to the fee owner's "right to use its land in any manner that does not unreasonably interfere with the rights of the owner of the easement" (Wechsler v People, 147 AD2d 755, 757). Thus, the proposed use by the State, as owner in fee, to allow the public access to the remaining property does not deprive Bagg and Monson of any legal right or unreasonably interfere with their interests in that portion of the Pine Lake property (see, supra). Accordingly, Bagg and Monson have failed to demonstrate that they are aggrieved under EDPL 207 (A) by the Commissioner's determination and the petition in proceeding No. 2 should be dismissed.

 Turning to the merits in proceeding No. 1, we reject Vaccaro's argument that the Commissioner exceeded his au-

thority in ordering the appropriation of the Pine Lake property because eminent domain does not apply to lands within the Adirondack forest preserve which are not unique or threatened. In *Matter of Bath & Hammondsport R. R. Co. v New York State Dept. of Envtl. Conservation* (73 NY2d 434), the Court of Appeals interpreted the word "acquire" used in ECL 3-0305 (1) as authorizing the condemnation of land for the establishment of fish and wildlife areas as set forth in ECL 11-2103 *(supra,* at 438-440).

We also find unpersuasive Vaccaro's contention that, despite the fact that DEC here seeks to acquire the Pine Lake property to accomplish certain DEC objectives, including consolidation of State-owned forest preserve lands and protection of natural resources from further development, the absence of an express statutory grant of eminent domain requires that exercise of that power be strictly construed, and, thus, its use here is improper. The absence of a specific reference to eminent domain in ECL 9-0105 (7) does not preclude the Commissioner from appropriating land to accomplish DEC's objectives of enlarging and protecting the Adirondack forest preserve. The term "acquire" as used in ECL 9-0105 (7) includes the power of eminent domain to achieve the objectives stated in ECL 9-0105 (7).

■ We next reject Vaccaro's argument that the power of eminent domain was improperly exercised in this case because the 1972 Environmental Quality Bond Act *(see,* ECL art 51) (hereinafter Bond Act) envisions the appropriation of land which is unique and threatened and that there is not an adequate basis to make such a finding. The implementing legislation of the Bond Act allocated funds, *inter alia,* for both forest preserve projects in the Adirondack Park and unique area preservation projects *(see,* ECL 51-0701 [1], [3]). The funds appropriated for unique areas are, by definition, for land outside the Adirondack Park *(see,* ECL 51-0703 [4]). By contrast, the "Forest Preserve Project" is a project directed expressly for the acquisition of lands as additions to the forest preserve within the Adirondack Park. Therefore, petitioners' reliance on the Bond Act as allocating funds exclusively for unique areas of land within the Adirondack Park is unsound and inconsistent with the statutory language of ECL article 51. Vaccaro's reliance on the Governor's memorandum *(see,* Governor's mem, 1972 NY Legis Ann, at 364) is misplaced since, contrary to his assertion, the memorandum is susceptible to a broader interpretation than a reference to "unique"

areas only. In any event, an executive memorandum cannot vary the plain meaning of a statute, here ECL 51-0703 (4) *(see, e.g., People v Graham,* 55 NY2d 144, 151).

■ Finally, Vaccaro's constitutional arguments for voiding the appropriation of the Pine Lake property as unconstitutional on the ground that the acquisition fails to qualify as a public use are also without merit. The constitutional requirement that a taking by eminent domain be for a public purpose has been satisfied. Enlargement of the Adirondack forest preserve is a public use expressly authorized by ECL 3-0305 (1) and 9-0105, and legislatively funded by ECL 51-0701 (1). Several public purposes previously mentioned are accomplished by this appropriation. Further, this appropriation will furnish additional recreational opportunities for the public. The record supports the finding that the appropriation in fee, instead of some less restrictive means, was necessary to effectuate the objectives enumerated in ECL 9-0105 (7).

The appropriation of the subject property by eminent domain is supported by an adequate basis and has not been shown to be unreasonable or arbitrary *(see, Long Is. R. R. Co. v Long Is. Light. Co.,* 103 AD2d 156, 168, *affd* 64 NY2d 1088; *see also, Town of New Windsor v City of Newburgh,* 124 AD2d 656; 17 Carmody-Wait 2d, NY Prac § 108:86, at 564-565).

We have examined Vaccaro's other arguments for invalidating the Commissioner's determination and find them without merit.

WEISS, J. P., YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Determination confirmed, without costs, and petitions dismissed.