■ In the Matter of NEW LIFE FELLOWSHIP, INC., Petitioner, v CITY OF CORTLAND, Respondent.—Mikoll, J. P. Proceeding initiated in this court pursuant to EDPL 207 to review a determination of respondent which condemned a portion of petitioner's land as the site for construction of a public parking lot.

In this proceeding, petitioner seeks a declaration that the

eminent domain proceedings commenced by respondent to condemn a portion of petitioner's real property for use as a public parking lot are null and void in that they were not brought in compliance with EDPL 202 (A) and were otherwise illegal in that a public benefit would not be served by the condemnation. The first issue to be determined here is whether respondent's failure to publish notice of the public hearing as required by EDPL 202 (A) invalidates the subsequent condemnation proceedings. The statute requires that a: "condemnor shall give notice to the public of the purpose, time and location of its hearing setting forth the proposed location of the public project * * * by causing such notice to be published in at least five successive issues of an official daily newspaper if there is one designated in the locality where the project will be situated and in at least five successive issues of a daily newspaper of general circulation in such locality" (EDPL 202 [A]).

Respondent concedes that it published notice of the public hearing on only three dates in the local paper but urges that the oversight did not deprive petitioner of any due process rights and should be disregarded in light of EDPL 202 (C), which states that the "[i]nadvertent failure to notify a person or persons entitled to notice under this section shall not be jurisdictional nor construed to affect the validity of any title acquired by a condemnor under this law".

The logic of respondent's argument is flawed. EDPL 202 (C) deals with notification of persons entitled to notice, while EDPL 202 (A) prescribes publication procedures to advise the public of the condemnation. The stringent public notice requirements of EDPL are intended to afford the public an exercise of its right to be heard and are jurisdictional in nature. The interpretation of the statute proposed by respondent would render EDPL 202 (A) meaningless. "[A] construction is favored which harmonizes the various provisions of the statute with each other and with the general intent of the statute" (Matter of Anderson v Board of Educ., 46 AD2d 360, 364-365, affd 38 NY2d 897).

The failure to comply with EDPL 202 (A) invalidates any subsequent proceedings under the EDPL. The publishing of the notice as required by the EDPL is a condition precedent to further proceedings by respondent (see, Green v Oneida-Madison Elec. Coop., 134 AD2d 897).

Respondent is therefore enjoined from proceeding pursuant to EDPL article 4 until it has fully complied with the notice

requirements of EDPL 204 (A). Having so found we decline to address the remaining contentions raised by petitioner.

Levine, Mercure and Crew III, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.