OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner seeks, pursuant to the Eminent Domain Pro *841 cedure Law, to acquire certain real property of the respondents located in the Village of Valley Falls, Rensselaer County. The purpose of the acquisition is to construct, maintain and operate a sanitary sewer system and waste treatment plant. Previously, petitioner proceeded under EDPL article 2. A public hearing was conducted with respect to each parcel pursuant to EDPL 201. It is indicated that copies of the determinations and findings were published as required by EDPL 204 on July 24, 1998 and July 25, 1998. Respondent thereafter commenced a proceeding for judicial review pursuant to EDPL 207 in the Appellate Division, Third Department. The Appellate Division, by orders dated December 9, 1998, dismissed the respective EDPL article 2 petitions.
Petitioner has commenced the above-captioned proceedings pursuant to EDPL 402 for permission to file the acquisition maps and for permission to enter immediately upon the respective properties.
Under EDPL 402 (B) (2) the condemnor is required to serve the notice of petition and petition upon the owners of record pursuant to the Civil Practice Law and Rules or by registered or certified mail with return receipt. As recited in EDPL 402 (B) (2):
“If service is made by mail it shall be sent to the last known address of the owner, and the following provisions shall also apply:
“(a) At least ten but not more than thirty days before the return date of the application, the condemnor shall also cause a copy of a diagram or representation of the acquisition map showing the perimeters to be acquired and a notice generally describing the property to be acquired by metes and bounds or by section block and lot. numbers, to be advertised by publishing in at least ten successive issues of an official newspaper if there is one designated in the locality where the property is situated, and in at least ten successive issues of a newspaper of general circulation in such locality. If the official newspaper is one of general circulation in such locality, publication therein as specified shall be deemed sufficient compliance. In the event that the only newspaper available in such locality is a weekly publication the above described notice shall be published in such newspaper in at least three successive issues. Where the condemnor has conducted an article two public hearing or when the condemnor is exempt from compliance with article two pursuant to section two hundred six the condemnor may dispense with the requirement of publication in ten successive issues of a newspaper of general circulation.
*842 “(b) Where practicable, the condemnor shall cause copies of such notice in the form of handbills to be posted for the same period in at least three conspicuous places, upon or near such real property. The inadvertent failure to notify any condemnee, whether of record or not, will not invalidate any proceedings brought hereunder or any title acquired by the condemnor under this law.”
Petitioner, who served the owners by certified mail with return receipt but did not publish, contends that it is nevertheless entitled to the relief it requests because of the forgiving feature of EDPL 402 (B) (2) (b).
The court has reviewed the case cited by petitioner, Matter of New Life Fellowship v City of Cortland (175 AD2d 343 [3d Dept 1991]). In that case the respondent had failed to satisfy the publication requirements contained in EDPL 202 (A). The Court found that notice under EDPL 202 (A) fulfilled the requirement of notice to the general public and was a condition precedent to the maintenance of the proceeding. The Court further found that EDPL 202 (C), which contains savings language similar to that of EDPL 402 (B) (2) (b), dealt with notification to persons entitled to notification (supra, at 344). In this court’s view, Matter of New Life Fellowship (supra) is inapplicable to the instant situation, because the Court in Matter of New Life Fellowship was dealing with a completed proceeding, was not considering an issue dealing with notification to a specified person entitled to notification (as opposed to the public in general), and did not consider the issue of when the savings feature of EDPL 402 (B) (2) (b) came into play.
The court is mindful that “where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208; see, Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675).
In the court’s view, the intention of the Legislature, as expressed in EDPL 402 (B) (2), was to require publication as an additional manner of service in situations where the owner of record was not served pursuant to the CPLR. In this instance, service was accomplished by certified mail with return receipt, pursuant to an order to show cause. This service method triggered the additional requirement of publication. Publication is required in the official newspaper if one is designated and a newspaper of general circulation. If the official newspaper is one of general circulation, publication in the *843 official newspaper is sufficient. Where the condemnor has conducted a public hearing pursuant to EDPL article 2 the condemnor may dispense with publication in a newspaper of general circulation. Nothing, however, is mentioned in EDPL 402 (B) (2) (a) with respect to dispensing with the requirement of publication in the official newspaper. Moreover, the court is mindful of paragraph (5) of EDPL 402 (B) which recites in part: “[U]pon due proof of service of notice and upon filing of such petition and proof to its satisfaction that the procedural requirements of this law have been met, the court shall direct the immediate filing and entry of the order granting the petition” (emphasis supplied). While the inadvertent failure to notify the condemnee will not invalidate the proceeding (see, EDPL 402 [B] [2] [b]), the court finds that this does not relieve the petitioner, prior to entry of the final order, of the service requirements of EDPL 402 (B) (2) (a). To hold otherwise would, in effect, render meaningless the additional publication requirement of that clause. In the court’s opinion, the savings feature of EDPL 402 (B) (2) (b) is intended to shield the condemnor from postproceeding attacks on the validity of the proceeding and the title of condemnor and its successors.
Under the circumstances, inasmuch as there has been no service by publication, as prescribed under EDPL 402 (B) (2), the court finds that the petition must be denied without prejudice.