■ LAWRENCE S. ROLLIN et al., Respondents, v WM. V. FRANKEL & CO., INC., et al., Appellants, et al., Defendants. [737 NYS2d 33] —Order, Supreme Court, New York County (Ira Gam-

merman, J.), entered April 26, 2001, which, insofar as appealed from as limited by the briefs, granted, with related relief, plaintiffs' motion for class certification and certified a class consisting of all non-defendant-related persons who (1) own or owned shares in the subject stock purchased after the shares were extinguished pursuant to a Federal Bankruptcy Court order, (2) reside in New York or New Jersey, and (3) did not purchase to cover short sales and did not obtain full reimbursement from brokers, and which denied defendant Frankel's cross motion for summary judgment, unanimously affirmed, with costs.

A finding of "preemption of State law by Federal statute or regulation is not favored," and movant herein did not present grounds to overcome this judicial disinclination (*cf., Matter of Brenner [Nomura Sec. Intl.]*, 228 AD2d 67, 70, *lv dismissed* 90 NY2d 921). As the motion court ruled in a prior order from which no appeal was taken denying dismissal pursuant to CPLR 3211 in part, this is a suit over whether or not the subject stock actually existed on the relevant dates. Accordingly, preemption by the federal scheme for the regulation of securities is not applicable, since this is not a suit about a practice issue expressly regulated by the SEC (*cf., Guice v Charles Schwab & Co.*, 89 NY2d 31, 41-47, *cert denied* 520 US 1118).

The motion court's decision to grant class certification was a proper exercise of discretion (*see, e.g., Jim & Phil's Family Pharm. v Aetna U.S. Healthcare*, 271 AD2d 281, 282). The representative plaintiffs have a relationship with counsel that is unremarkable given the community in which they live (*cf., Tanzer v Turbodyne Corp.*, 68 AD2d 614, 621), both representative plaintiffs have an adequate understanding of the case (*see, Brandon v Chefetz*, 106 AD2d 162, 170), and to the extent that there are possible doubts about any of the other relevant factors (*see,* CPLR 901 [a]), those doubts were properly resolved in favor of class certification (*see, Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21). We have considered the remaining arguments presented by both appellants and find them unavailing. Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.