█ In the Matter of ALLIED HEALTHCARE PRODUCTS, INC., Petitioner, v STUYVESANT FALLS HYDRO CORPORATION, Respondent. [814 NYS2d 886]—

Peters, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which found a public benefit to be served by the proposed acquisition of certain property known as the Stuyvesant Falls Hydroelectric Project.

Respondent and the Town of Stuyvesant were issued a license by the Federal Energy Regulation Commission for the operation of the Stuyvesant Falls Hydroelectric Project, located in the Town of Stuyvesant, Columbia County. In a companion case (*Matter of Erie Blvd. Hydropower, L.P. v Stuyvesant Falls Hydro Corp.,* 30 AD3d 641 [2006] [decided herewith]), we fully reviewed respondent's unsuccessful attempts to negotiate the purchase of the property from its owner, Erie Boulevard Hydropower, L.P., and how those unsuccessful attempts led respondent to pursue an acquisition of the facility through eminent domain. Petitioner here is the owner of property adjoining the project.

Subsequent to the public hearing held by respondent to review its proposal, petitioner wrote to respondent expressing its concern about the scope of the proposed acquisition and whether it would implicate petitioner's rights and interests in an affirmative covenant that runs with the land; it requires the owner of the project to provide free electric current to petitioner and its successors. Respondent replied, assuring petitioner that the proposed acquisition would not extinguish its rights under the covenant. Upon respondent's issuance of its determination and findings pursuant to EDPL 204, petitioner commenced this proceeding, challenging that determination. Its sole contention is the scope of the proposed acquisition. Respondent asserts that petitioner lacks standing to commence this proceeding.

Pursuant to EDPL 207 (A), only those aggrieved by a condemnor's determinations and findings have standing. The notice of hearing expressly excluded petitioner's property interest from the proposed acquisition. Both respondent's correspondence to petitioner and the synopsis of the determination and findings, published and served by respondent, confirm the exclusion. Thus, there exists no basis upon which to conclude that petitioner is an aggrieved party (*see* EDPL 207 [A]; *Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 84 NY2d 287, 295 [1994]; *Matter of Vaccaro v Jorling*, 151 AD2d 34, 37 [1989], *appeal dismissed* 75 NY2d 946 [1990], *lvs denied* 76 NY2d 704, 708 [1990], *cert denied* 498 US 963 [1990]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.