■ BEN HELLER, Appellant, v TRUSTEES OF THE TOWN OF EAST HAMPTON et al., Respondents, and NORTHWEST ALLIANCE, INC., Intervenor-Respondent. [603 NYS2d 178] —In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated June 6, 1991, which granted the defendants' motion to dismiss the complaint, and (2) a judgment of the same court, dated August 29, 1991, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as academic; and it is further,

Ordered that the defendants-respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In 1982 the plaintiff purchased the property in question, which is situated on a peninsula in the Town of East Hampton, for $7,015,975. Following the plaintiff's purchase of the property, the defendant Trustees of the Town of East Hampton asserted a claim to ownership of certain roads which traverse the property. The plaintiff subsequently commenced this action for a determination of the defendant's adverse claim to the property (see, RPAPL 1501), but while this action was pending, the New York State Department of Environmental Conservation acquired all of the plaintiff's interest in the property by exercise of its power of eminent domain (see, Heller v State of New York, 81 NY2d 60). The defendants thereafter moved to dismiss the instant action, and the Su-

preme Court granted the motion, concluding that since the plaintiff's interest in the subject property had been acquired by the State, the Court of Claims had exclusive jurisdiction over the title dispute over the roads.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing the instant action, because a determination of the defendants' claim to title of the roads is relevant to the ultimate determination of the amount of just compensation he will be entitled to receive in the eminent domain proceeding relating to the State's acquisition of the property *(see,* EDPL 101). However, while this appeal was pending, the plaintiff agreed to settle the eminent domain proceeding for $40,000,000. Since all of the plaintiff's interest in the subject property has been acquired by the State, and the plaintiff has accepted a settlement as just compensation for the taking of his property, we find that the title dispute to the roads is now academic. Moreover, we find that the matter does not otherwise warrant invoking an exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Accordingly, the appeal from the judgment is dismissed as academic. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.