■ In the Matter of JED N. ENGELS, Petitioner, v VILLAGE OF POTSDAM, Respondent. [727 NYS2d 202] —Carpinello, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which found that there was a public benefit to be served by the proposed condemnation of petitioner's property known as 53 Market Street.

Petitioner is the owner of a piece of property in the Village of Potsdam, St. Lawrence County. By this proceeding, he seeks judicial review of respondent's determination to acquire the property by eminent domain (see, EDPL 207 [A]). In such a proceeding, our scope of review is limited to determining whether the proceedings below were constitutional, whether the proposed acquisition was within the condemnor's statutory authority, whether the condemnor's determination was procedurally correct and whether the acquisition served a valid public purpose (see, EDPL 207 [C]; see also, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 418). In the matter before us, the bulk of petitioner's objections relate to the amount of compensation he is to receive for the property, a matter over which Supreme Court has exclusive original jurisdiction and which petitioner himself acknowledges he is currently contesting in a separate proceeding in that forum (see, EDPL 501 et seq.). Of his remaining objections, only two can be read as falling within our limited scope of review and neither has merit.

First, petitioner argues that he was entitled to personal notice of the "town board meetings" at which the determination to condemn his property was made. The record reflects that respondent properly complied with all procedural requirements of EDPL article 2. It gave proper newspaper notice of its November 20, 2000 public hearing at which all interested persons were given an opportunity to be heard concerning the proposed public project (see, Matter of Jackson v New York State Urban Dev. Corp, supra, at 424), a meeting which petitioner apparently did not attend.

The lack of merit to petitioner's second challenge regarding the validity of the public purpose for the condemnation of his building is patently established by the transcript of that public

hearing. A licensed engineer, who had personally inspected the subject premises, testified that petitioner's property and an adjacent building already owned by respondent had been severely damaged by fire. Both properties shared a first floor bearing wall. In order to properly preserve respondent's property and to protect the public from the possible collapse of petitioner's property, the engineer testified that both properties should be stabilized by the installation of a new common roof. Finally, respondent's director of planning and other concerned citizens testified that the rehabilitation of petitioner's property would further the commercial viability of the historic district in which both properties were located. Since there was more than an adequate basis for the determination (see, Matter of Board of Coop. Educ. Servs. v Town of Colonie, 268 AD2d 838, 841), it should be confirmed in all aspects.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, with costs, and petition dismissed.