In the Matter of BROADWAY SCHENECTADY ENTERTAINMENT, INC., Petitioner, v COUNTY OF SCHENECTADY, Respondent. [732 NYS2d 703] —Carpinello, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which condemned petitioner's property as the site for a community policing center.

Petitioner, lessee of a premises located at 1351 Lower Broadway in the City of Schenectady, Schenectady County, intended to operate an adult bookstore on the property until respondent's County Legislature voted to acquire it for use as a community policing center. In this EDPL 207 proceeding, petitioner challenges the decision to condemn the property for this purpose. In support of the petition, petitioner points out that the subject parcel was one of only 14 properties available in the City of Schenectady to operate its establishment since the passage of a 1999 zoning ordinance limiting the area in which adult bookstores can be operated. Petitioner further notes that, shortly after its acquisition of the subject premises and the publishing of a local newspaper article announcing its intention to operate the adult bookstore, respondent proposed to acquire it. Although it raises a number of arguments in support of annulment of the condemnation decision, the gist of petitioner's challenge is that the decision to acquire the parcel was made solely to prevent it from opening an adult bookstore, thus rendering the decision "corrupt, made in bad faith or palpably irrational."

We first address the standard of review to be applied in proceedings of this type. Notwithstanding the fact that other courts in similar proceedings have reviewed the challenged determination on the basis of whether it was irrational, baseless, palpably unreasonable or made in bad faith (*see, Sandpiper Constr. Co. v Siegel*, 97 AD2d 539, *lv denied* 61 NY2d 608; *Matter of Dowling Coll. v Flacke*, 78 AD2d 551, 552), we are compelled to observe that this particular standard has its origin in decisional law that predates adoption of the EDPL (*see, e.g., Kaskel v Impellitteri*, 306 NY 73, 78, *cert denied* 347 US 934; *Cuglar v Power Auth.*, 4 Misc 2d 879, 897, *affd* 4 AD2d 801, *affd* 3 NY2d 1006). The EDPL itself explicitly states that our scope of review is limited to whether the proceeding was

constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition (*see*, EDPL 207 [C]; *see also, Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 418; *Matter of Engels v Village of Potsdam*, 285 AD2d 699).

In any event, we need not tarry over the question of the proper standard to be applied because on this record, under either test, petitioner has failed to sustain its burden of establishing that the determination was without foundation and baseless (*see, Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720), or that it was violative of any of the applicable statutory criteria. Petitioner's only proof that respondent acted in bad faith, thus warranting annulment of the determination, is the alleged "suspicious timing" of its interest in placing a police center on the subject property (i.e., shortly after petitioner's announced intention to open an adult bookstore there). We are not inclined, however, to accede to petitioner's request that we look behind the County Legislature's stated reason for acquiring the property. Courts are traditionally loathe to inquire into the true motives of a legislative body's passage of particular legislation (*see, Kittinger v Buffalo Traction Co.*, 160 NY 377, 388), and we decline to do so here particularly where the "proof" of alleged bad faith consists merely of unsubstantiated allegations of suspicious timing. To the extent that petitioner also claims that respondent has other available sites to operate the police center, we find this an insufficient basis upon which "to set aside the [condemnor's] choice" (*6419 New Utrecht Realty Corp. v New York City Tr. Auth.*, 76 Misc 2d 711, 714).

With respect to the statutory criteria, petitioner makes no argument that the underlying proceeding was unconstitutional, that the acquisition was made without the requisite authority or that it was not for a legitimate public purpose. Moreover, we find no basis for sustaining any of its perceived procedural infirmities. EDPL 202 (A) requires that the notice of the public hearing list "any proposed alternate locations" for the project. We do not read this statutory provision, as petitioner does, as requiring the listing of those locations which may have been considered, but ultimately rejected, prior to publication of the notice. We also find that respondent adequately described its reasons for selecting the subject premises in compliance with EDPL 204 (B) (2).

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.