■ In the Matter of CHARLES RAFFERTY, Petitioner, v TOWN OF COLONIE et al., Respondents. [752 NYS2d 725] —Mugglin, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent Town Board of the Town of Colonie which condemned a portion of petitioner's property to extend a public highway.

On February 28, 2000, respondent Town Board of the Town of Colonie passed resolutions finding that acquisition of petitioner's property located at 705 Troy-Schenectady Road, in the Town of Colonie, Albany County, by eminent domain would benefit the public through enhanced traffic flow and safety, and declaring that the project was an unlisted action under the

---

State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and that it would have no significant environmental impact. In this proceeding brought pursuant to EDPL 207, petitioner seeks to annul the determination of the Town Board to condemn a portion of his property for purposes of extending Wade Road from Troy-Schenectady Road north to Forts Ferry Road. The petition alleges a number of separate causes of action which generally complain that respondents have failed to comply with the procedures of the EDPL and ECL, that respondent Town of Colonie exceeded its statutory jurisdiction and authority by condemning more property than needed for the alleged public purpose, that the condemnation serves no public purpose (the dominant purpose being for the benefit of private enterprises), and that such condemnation was undertaken in bad faith.

The underlying facts are as follows. As early as 1973, the proposed extension of Wade Road from Troy-Schenectady Road to Forts Ferry Road was considered desirable to enhance traffic flow and to promote commercial development. Studies conducted in 1991, 1995, 1997 and 1998 identified the traffic flow and safety problems associated with the general area where Wade Road and North Wade Road intersected Troy-Schenectady Road, and suggested that extending Wade Road in conjunction with altering the intersection of North Wade Road could alleviate many of the traffic flow and safety problems identified. As the result of the proposal for various commercial developments in this vicinity, the Town determined to acquire land to build the needed extension of Wade Road. As a direct result, on November 18, 1999, the Town entered into a contract to purchase petitioner's property for the sum of $400,000 and agreed to cooperate with petitioner by making the consideration for the sale available so that petitioner could effect a like-kind-exchange to satisfy the requirements of the Internal Revenue Code. When petitioner failed to complete the proposed sale, the Town Board commenced the eminent domain proceedings which are the subject of this litigation.

As a preliminary matter, respondents' contention that the instant proceeding was not timely commenced is meritless. EDPL 207 (A) requires that judicial review be instituted within 30 days after the condemnor's completion of the publication of its determination and findings. Since respondents did not satisfy the publication requirements by publishing in at least two successive issues of the official newspaper (see EDPL 207 [A]), publication has never been completed and the 30-day period in which to seek judicial review has never commenced.

Petitioner contends that the condemnation lacks the requisite public purpose and was undertaken in bad faith simply to eliminate petitioner's adult entertainment business from the locale. It is axiomatic that a proper exercise of the power of eminent domain requires that a public use, benefit or purpose be served by the proposed acquisition (*see* EDPL 207 [C] [4]). Here, the Town Board specifically found that such a public use, interest or benefit would result because the Wade Road extension would improve traffic flow and promote traffic safety in the identified area (*see Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720-721). Additionally, the fact that a privately owned commercial development in the general proximity may benefit as a result of the public use is irrelevant, since the public purpose is the dominant reason for the exercise of the power of eminent domain (*see Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 841).

Next, we are unpersuaded by petitioner's contention that the Town's use of eminent domain was simply an attempt to eliminate his adult business from the municipality. There is absolutely no record evidence to support this contention. The Town's first identification of the traffic and safety issues of these intersections predates petitioner's ownership of his property by several years. Moreover, the record reveals that the Town's zoning ordinances do not contain a ban on adult businesses, that petitioner has failed in his attempts since 1999 to find what he considers a suitable location for his business, and the sales contract anticipates the continuation of petitioner's adult business.

Further, we reject petitioner's claim that the Town has exercised its power of eminent domain in bad faith. To support this contention, petitioner argues that the Town had a contractual obligation to assist petitioner in finding a suitable alternative location for his adult business within the municipality. In our view, this contention finds no support either in the contract of sale or respondents' conduct throughout the relevant time period. Likewise, petitioner's efforts to effect a modification of the sales agreement by making alternative proposals to the Town Board in an effort to avoid the use of eminent domain does not support his claim of bad faith. Petitioner has the burden of establishing that the Town's exercise of the power of eminent domain was without foundation and baseless and he has utterly failed to come forward with any such evidence (*see Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 673). It

is petitioner who failed to honor his contractual obligation to sell the property to the Town. In order to avoid substantial delay in completion of the project, the Town was forced to turn to eminent domain. Necessity was the motivating factor created by petitioner's own conduct in refusing to complete the sale.

Petitioner asserts that as part of the condemnation hearings, the Town failed to meet its obligations under SEQRA by failing to take a "hard look" at the environmental impacts of the project and by failing to consider the project against the background of a long-range plan for development of the area. Unlisted actions, such as are present here, do not require the completion of an environmental impact statement when the lead agency determines that the action will not have adverse environmental impacts or that an identified environmental impact will not be significant (*see* 6 NYCRR 617.4, 617.7 [a] [2]; *Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie, supra* at 839). As long as the condemning authority identifies the relevant areas of environmental concern, takes a hard look at them, and gives a reasoned elaboration for the basis for its determination, its SEQRA determination will not be disturbed (*see Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie, supra* at 840). Here, the Town of Colonie Planning Board was the lead agency and provided to the Town Board, after review of all available information including the short form environmental assessment, its recommendation that a finding of no significant effect on the environment by the project be made. Moreover, the record is clear that the Town Board conducted a number of public hearings in which it addressed environmental concerns, considered other environmental studies prepared in conjunction with commercial development in the area (which studies encompassed the environmental impact of the proposed highway project), and ordered additional studies despite the existence of similar studies in the past.

We conclude that the activities of the Planning Board and the Town Board with respect to the environmental impact of the proposed project met all of the criteria necessary to comply with the requirements of SEQRA and the basis for its recommendations were fully incorporated into the Town Board's resolutions with respect thereto. Accordingly, we find no reason to disturb the Town Board's determination that the proposed project would have no significant effect on the environment. Likewise, we conclude that respondents had no

obligation to consider this project against the background of a long-range plan since the proposed extension of Wade Road across Forts Ferry Road to Sparrowbush Road has not been part of the plan nor has it presently been considered and incorporated into a long-range plan for the area. Under these circumstances, there is simply no merit to petitioner's contention that the Town Board impermissively segmented its consideration of environmental impacts.

Finally, petitioner urges that respondents exceeded their authority under eminent domain by condemning the entirety of his property. While it is well established that a condemnor cannot take, by use of the power of eminent domain, property not necessary to fulfill the public purpose, it is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill that purpose (*see Hallock v State of New York*, 32 NY2d 599, 605; *Matter of Wechsler v New York State Dept. of Envtl. Conservation*, 153 AD2d 300, 303, *affd* 76 NY2d 923). Here, although the Town acknowledged that the taking of the entire property was unnecessary to fulfill the defined public purpose, it decided to condemn the entire property since petitioner would be left with neither adequate parking facilities nor direct access to either Troy-Schenectady Road or the new extension. It is apparent that by condemning the entire property, the Town desired to avoid application of the principle of inverse condemnation (*see Lucas v South Carolina Coastal Council*, 505 US 1003, 1015, 1016). We are compelled to agree with petitioner that the Town has not demonstrated a public purpose to be served by condemnation of the entire property (*see Hallock v State of New York, supra* at 605).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by limiting respondents' use of the power of eminent domain to taking only that portion of petitioner's property necessary to the construction of the Wade Road extension; petition granted to that extent; and, as so modified, affirmed.