■ In the Matter of CITY OF MECHANICVILLE et al., Petitioners, v TOWN OF HALFMOON et al., Respondents. [805 NYS2d 666]—

Peters, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent Town of Halfmoon which approved the condemnation of an easement over the real property of petitioner City of Mechanicville for the installation of a water main.

Petitioner City of Mechanicville is the owner of the bed and towpath of the Old Champlain Canal located along the Hudson River in the Town of Halfmoon, Saratoga County. The City acquired the property from Niagara Mohawk Power Corporation in 1952 and utilized it as a landfill until 1973. Respondent Town of Halfmoon (hereinafter respondent) built a water intake and treatment plant in 2003 along the Hudson River, adjacent to the canal. It recognized that it would need additional water mains to equalize the pressure in the system, supply water to storage tanks and assure adequate fire protection. In 2004, after investigating and rejecting various alternative sites, respondent sought to install a water main along the canal towpath. The City offered to sell the property to respondent but the parties could not agree upon the terms of a sale.

Respondent held a public hearing before respondent Town Board of the Town of Halfmoon in February 2005, pursuant to EDPL 201, to discuss the details of the project and the acquisition of an easement by eminent domain. Following the hearing,

respondent issued a "Determinations and Findings Report," pursuant to EDPL 204, in which the project was found to be for the public use and benefit. It further concluded that it was acquiring the least amount of property necessary and that no environmental issues would be posed by its use. Petitioners commenced this proceeding challenging that determination.

Petitioners contend that the prior public use doctrine precludes this property from being subject to condemnation. It details that the canal bed and towpath were used for hiking, nature walks, biking, cross-country skiing and snowmobiling for over 30 years since the City stopped using it as a landfill. We disagree. The evidence demonstrates that the water main lines will be placed under the towpath and that the new use will not interfere with or destroy the property's prior public use (*see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY 113, 117-118 [1910]; *Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 841-842 [2000]).

Nor do we find merit in petitioners' assertion that the condemnation of an easement for both the towpath and the canal bed exceeds the purpose of the project. A permanent easement is sought for the towpath to bury the water lines whereas a construction easement is sought for the canal bed to manipulate the construction equipment to preserve historic structures. While "a condemnor cannot take, by use of the power of eminent domain, property not necessary to fulfill the public purpose, it is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill that purpose" (*Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 723 [2002]). With respondent's determination fully detailing the reasons supporting its choice of the City's property, as well as the basis for the amount of property designated, we find no abuse of discretion (*see Matter of Feeney v Town/Village of Harrison*, 4 AD3d 428, 428 [2004]).

Next assessing whether, in the exercise of its power of eminent domain, respondent properly established "a public use, benefit or purpose [to] be served by the proposed acquisition" (*Matter of Rafferty v Town of Colonie, supra* at 721; *see* EDPL 207 [C] [4]), we find the declared purpose—to access additional water to fill previously installed water tanks, equalize water pressure and provide adequate fire protection to the community—to be sufficient especially with no evidence to the contrary (*see Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie, supra* at 841).

Turning to respondent's failure to follow EDPL 204 (C), we

note that since the legislation was designed to ensure, among other things, that potential affected property owners were informed of a preacquisition public hearing (*see* EDPL 204 [C]; Assembly Mem in Support, 2004 McKinney's Sessions Laws of NY, at 1939-1941), and the evidence demonstrates that the City was adequately notified, albeit not in the precise manner detailed in the statute, we find no fatal error where, as here, there is an absence of prejudice.

Next addressing whether respondent's determinations and findings were made in accordance with proper procedures delineated in EDPL article 2 and ECL article 8 (*see* EDPL 207 [C] [3]; *Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie, supra* at 840), and whether respondent, as the lead agency, "identifie[d] the relevant areas of environmental concern, [took] a hard look at them, and [gave] a reasoned elaboration for the basis for its determination" (*Matter of Rafferty v Town of Colonie, supra* at 722), we find the record to fully support the State Environmental Quality Review Act determination rendered. With respect to the "hard look" requirement at areas of environmental concern, the record indicates that respondent solicited the opinion of the canal corporation, the Department of Environmental Conservation, the Department of Health, the Department of Transportation, the Saratoga County Department of Public Works, the Office of Parks, Recreation and Historic Preservation, as well as the United States Army Corps of Engineers. Respondent also took soil bores in the towpath and did not uncover evidence of contamination from the canal's prior use as a landfill.* Based upon all of these evaluations, we find the negative declaration to have been properly issued. While we recognize that this project was listed as a type I action and that it carries the presumption that it is likely to have a significant environmental impact and may, in fact, require an environmental impact statement (hereinafter EIS; *see* 6 NYCRR 617.4 [a] [1]), the EIS is not a per se requirement (*see Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush*, 299 AD2d 631, 633 [2002]; *Matter of Wilkinson v Planning Bd. of Town of Thompson*, 255 AD2d 738, 739 [1998], *lv denied* 93 NY2d 803 [1999]). With respondent fully supporting its determination that an EIS was not necessary, we next

---

* A report by the Department of Environmental Conservation in 1986 noted that because the area is easily accessible, it is conceivable that all types of waste have been dumped into the canal, which could include chemical waste allegedly dumped there by the General Electric Silicon Plant in the Town of Waterford, Saratoga County.

review whether respondent made a reasoned elaboration for the negative declaration (*see* 6 NYCRR 617.7 [b] [4]). The determinations and findings, as well as the explanation in the negative declaration, reflect that the issue of contamination in the towpath, as well as the existence of wetlands, were fully explored.

Lastly, there is no basis to support petitioners' claim that respondent failed to negotiate in good faith pursuant to EDPL 301 (*see Matter of County of Tompkins [Perkins]*, 237 AD2d 667, 669-670 [1997]) or that a permit from the Department of Environmental Conservation (*see* ECL 15-1501 [1] [b]) was required prior to the commencement of this condemnation proceeding (*see Matter of Swan Lake Water Corp. v Suffolk County Water Auth.*, 204 AD2d 463, 464 [1994]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.