██ In the Matter of JAMES G. DOYLE et al., Petitioners, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT et al., Respondents.
[826 NYS2d 797]—

Carpinello, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of the Board of Education of respondent Schuylerville Central School District which found that there was a public benefit to be served by the proposed condemnation of petitioners' property.

Petitioners are the owners of an abandoned railroad bed approximately 50 feet wide and slightly over 2,000 feet long located in Saratoga County. The railroad bed runs from land owned by respondent Schuylerville Central School District to routes 4 and 32. In the instant proceeding, petitioners challenge a determination by respondents to acquire this property by eminent domain. The stated purpose of the acquisition is to provide a second access road to the School District's campus as part of a planned major expansion. Petitioners primarily contend that the taking is excessive in terms of land quantity and the nature of the estate to be acquired. We are unpersuaded.

We begin by noting the well-established precept that this Court's "scope of review is limited to whether the proceeding was constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition" (*Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 672-673 [2001]; *see* EDPL 207 [C]). Unable to mount a challenge within the confines of these limited statutory criteria, petitioners instead object to the exercise of eminent domain over their property because the taking bisects other adjacent parcels owned by them thus limiting their ability to develop these properties.

They also contend that respondents have alternate locations for the access road.

First, the issue of petitioners' possible consequential damages as a result of the restricted access to their remaining lands is not a basis for challenging the determination but rather must be addressed in subsequent phases of the condemnation process (*see Rider v State of New York*, 192 AD2d 983 [1993]; *see also* EDPL art 5). Moreover, as to the availability of alternate sites, this Court has previously found such argument to be an insufficient basis upon which to reject a condemnor's choice (*see Matter of Broadway Schenectady Entertainment v County of Schenectady, supra* at 673). In any event, the record supports respondents' finding that safety concerns precluded consideration of petitioners' proposed alternate locations for the access road.

Also unpersuasive is petitioners' argument that the School District seeks to acquire an excessive estate, in this case fee title as opposed to an easement. "While it is well established that a condemnor cannot take, by use of the power of eminent domain, property not necessary to fulfill the public purpose, it is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill that purpose" (*Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 723 [2002]; *see Hallock v State of New York*, 32 NY2d 599, 605 [1973]). In this regard, a condemnor is not limited to an easement when it acquires property for a legitimate public purpose (*see Matter of City of New York [Third Water Tunnel, Shaft 30B]*, 18 AD3d 342, 343 [2005], *lv denied* 5 NY3d 819 [2005]).

Lastly, we reject petitioners' added arguments that respondents' review pursuant to the State Environmental Quality Review Act (*see* ECL art 8) was insufficient or that their conduct in instituting eminent domain proceedings is infused with bad faith. Specifically, with respect to the latter contention, courts will not inquire into the motives for a condemnor's decision to acquire property, "particularly where [as here] the 'proof' of alleged bad faith consists merely of unsubstantiated allegations" (*Matter of Broadway Schenectady Entertainment v County of Schenectady, supra* at 673). Accordingly, the petition must be dismissed in its entirety.

Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.