■ In the Matter of KONSTANTIN STEFANIS, Petitioner, v VILLAGE OF FLEISCHMANNS, Respondent. [842 NYS2d 600]—

Lahtinen, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which, inter alia, found that there was a public benefit to be served by the proposed acquisition of a portion of petitioner's property.

Petitioner and respondent have disputed for several years the ownership of a narrow strip of property (about 150 feet in length on the north side of petitioner's property) that respondent claims it acquired by prescription and is part of Ellsworth Ave-

nue. Ellsworth Avenue is a lightly traveled, residential road that basically forms a U-shaped loop off from Wagner Avenue, intersecting that road in two places less than a half mile apart. Petitioner's property is located approximately half way through the loop and he commenced an action against respondent regarding ownership of the strip. In 2005, respondent acquired a subsurface easement through the disputed property by eminent domain for a sewer line, which was installed in Ellsworth Avenue, and the entire road was then paved. Since petitioner's action regarding ownership was still pending, respondent decided in 2006 to exercise its eminent domain power to acquire a 30-foot wide surface easement in the disputed strip.

Respondent's determinations and findings, issued after a public hearing, stated that having Ellsworth Avenue as a continuous road ensured proper and less costly maintenance, enhanced access, and made it easier for emergency vehicles and snow plows to use the road. Respondent also declared that the surface easement would not have any effect on the environment. Petitioner commenced this proceeding challenging respondent's determination to acquire the surface easement by eminent domain.

Under EDPL 207 (C), "this Court's scope of review is limited to whether the proceeding was constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition" (*Matter of Doyle v Schuylerville Cent. School Dist.*, 35 AD3d 1058, 1058 [2006], *lv denied* 9 NY3d 804 [2007] [internal quotation marks and citations omitted]). "If an adequate basis for a determination is shown 'and the objector cannot show that the determination was "without foundation," the agency's determination should be confirmed' " (*Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986]).

Here, respondent's action was within its statutory authority to acquire property for purposes of laying out a road (*see Matter of Waldo's, Inc. v Village of Johnson City, supra* at 722). Moreover, an adequate public purpose was established by findings that having Ellsworth Avenue as a continuous road would make it more economical to maintain and easier for emergency vehicles and snow plows and, thus, the taking was constitutionally sound, notwithstanding that incidental private benefits may also be realized (*see Rodrigues v Town of Beekman*, 120

AD2d 724, 724 [1986], *appeal dismissed* 69 NY2d 822 [1987]; *Matter of Terrace W. v City of Plattsburgh*, 73 AD2d 763, 763 [1979], *appeal dismissed* 49 NY2d 916 [1980]). The fact that separate litigation was pending regarding ownership of the property does not prevent respondent from taking the property by eminent domain (*cf. Heller v Trustees of Town of E. Hampton*, 198 AD2d 331, 331-332 [1993]).\*

The condemnor's actions must also comply with ECL article 8, which is incorporated as part of the required procedures under EDPL article 2 (*see* EDPL 207 [C] [3]; *Matter of City of Mechanicville v Town of Halfmoon*, 23 AD3d 897, 900-901 [2005]; *Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 839 [2000]). The proposed condemnation was classified as an unlisted action (*see* 6 NYCRR 617.4) and respondent, as the lead agency, determined that the action would have no adverse environmental impact and, thus, rendered a negative declaration. Petitioner's arguments regarding ECL article 8 compliance (both in the petition and his brief) are limited to a cursory, conclusory assertion and, in light of the factors considered by respondent together with the unusual facts that the same area had been condemned (without apparently being contested) one year earlier for a subsurface easement and the area was already being used as a paved road, we are not persuaded that petitioner established that respondent's determination was inadequate.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

\* Depending on the nature of the separate action (which is not included in the record), petitioner may still be entitled to damages in that action (*see Heller v Trustees of Town of E. Hampton, supra*; *Salesian Socy. v Village of Ellenville*, 121 AD2d 823, 823-824 [1986]).