■ In the Matter of TADASKY CORPORATION, Petitioner, v VIL-LAGE OF ELLENVILLE, Respondent. [846 NYS2d 453]—

Carpinello, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which condemned a portion of petitioner's land for the completion of a village park.

Petitioner commenced this proceeding pursuant to EDPL 207 seeking to annul respondent's determination to condemn a portion of its property for use as a public park. In the petition, it is claimed that respondent failed to comply with all statutory directives in condemning the property because no record of the public hearing was kept and because an inadequate description of the property was provided at such hearing. It is further alleged in the petition that respondent had an improper motive for acquiring the property. In answering the petition and moving to dismiss it, respondent replied to each of these challenges. In its brief to this Court, petitioner raises for the first time an additional challenge, namely, that respondent failed to provide proof of proper notice of the hearing.

We reject petitioner's argument that respondent failed to comply with all statutory directives in conducting the hearing. EDPL 203 does require that "[a] record of the hearing shall be kept." Here, minutes of the public hearing were indeed recorded by respondent's clerk. Moreover, these minutes reflect that the scope and purpose of the proposed acquisition were reviewed by respondent's attorney, that a "public response" was solicited, that petitioner's attorney spoke on its behalf and that the hearing was thereafter closed. To the extent that

petitioner argues that respondent had an obligation to actually transcribe each word of the public hearing and/or take "testimony" at it, there is simply no statutory requirement to do so. Rather, as noted by the Court of Appeals in *Matter of Jackson v New York State Urban Dev. Corp.* (67 NY2d 400 [1986]): "[N]othing in article 2 of the EDPL requires a trial-type hearing to challenge a tentative decision to condemn. To the contrary, EDPL 203 provides only that 'any person in attendance [at a hearing] shall be given a reasonable opportunity to present an oral or written statement and to submit other documents concerning the proposed public project' " (*id.* at 424). Here, the minutes of the hearing reflect that petitioner was indeed given this opportunity.

We also find that the description of the property to be condemned was in all respects adequate (*see* EDPL 204 [B] [2]). We find this particular argument on petitioner's part to be disingenuous since its president had been involved in unsuccessful negotiations with respondent over the very property being condemned for quite some time before the decision to acquire it through condemnation was made. Moreover, there is no indication in the minutes of the public hearing that petitioner was somehow uncertain about the scope of the proposed acquisition. To the contrary, there is a notation that his attorney made specific reference to "the piece of property in question" in discussing petitioner's objection to the acquistion. We likewise reject the contention that there was an inadequate showing that "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C] [4]; *see* EDPL 204 [B] [1]). Respondent sufficiently established that the declared use of the property—to expand an adjacent public park area—will serve a legitimate public purpose (*see e.g. Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d 488, 490 [2006]).

As a final matter, we find that petitioner's challenge to notice in this proceeding is not properly before us as this precise issue was not timely raised in the petition (*see* EDPL 207 [A]). In any event, petitioner readily concedes that it received timely notice of the hearing and has demonstrated no prejudice as a result of the alleged failure to file proof of publication of the notice of the hearing. Thus, any alleged notice deficiency is not fatal to respondent's determination (*see Matter of Erie Blvd. Hydropower, L.P. v Stuyvesant Falls Hydro Corp.*, 30 AD3d 641, 644 [2006], *appeal dismissed* 7 NY3d 843 [2006], *lv denied* 7 NY3d 718 [2006]; *Matter of City of Mechanicville v Town of Halfmoon*, 23 AD3d 897, 899-900 [2005]; *Matter of Engels v Village of Potsdam*, 285 AD2d 699 [2001]; *see also* EDPL 202 [D]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.