■ In the Matter of DAVIS HOLDING COMPANY, LLC, Petitioner, v VILLAGE OF MARGARETVILLE, Respondent. [865 NYS2d 736]—

Peters, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which found that there was a public benefit to be served by the proposed condemnation of a portion of petitioner's property.

This proceeding concerns respondent's decision to condemn a 1.738-acre portion of petitioner's property, located in the Village of Margaretville, Delaware County, in order to gain access to a bulkhead structure located at the intersection of the east branch of the Delaware River and the Binnekill, a stream which flows through the village. Respondent has routinely obtained access to the Binnekill and bulkhead for purposes of maintenance and repair by use of an unpaved access road stretching across petitioner's property from State Route 30 to the bulkhead. Over the past several years, as a result of low water levels in the Binnekill and damage to the bulkhead, respondent has received authorizations from a number of regulatory agencies to perform certain work to both the Binnekill and bulkhead, but access to the worksite has been met with some resistance and restrictions by petitioner. After failed attempts to negotiate a right of access with petitioner, respondent commenced an action against petitioner seeking a determination that it held an easement over petitioner's property. During the pendency of that action, respondent decided that it would be more efficient to exercise its power of eminent domain to acquire fee title to the subject property. Following a public hearing on the proposed condemnation, respondent made determinations and findings of fact and subsequently found that the acquisition would have no adverse effect on the environment. Petitioner now seeks to annul the determinations and findings of respondent.

It is well settled that "this Court's 'scope of review is limited to whether the proceeding was constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition' " (*Matter of Doyle v Schuylerville Cent. School Dist.*, 35 AD3d 1058, 1058 [2006], *lv denied* 9 NY3d 804 [2007], quoting *Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 672-673 [2001]; *see* EDPL 207 [C]). Initially, we reject petitioner's arguments that respondent failed to comply with the procedural requirements of the EDPL. There is no statutory authority for petitioner's contention that respondent was obligated to permit a question-and-answer dialogue during the public hearing (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 424 [1986]; *Matter of Tadasky Corp. v Village of Ellenville*, 45 AD3d 1131, 1131-1132 [2007]). Rather, EDPL 203 merely provides that any person in attendance "be given a reasonable opportunity to present an oral or written statement and to submit other documents." As the re-

cording of the hearing[1] reveals that the members of the public, including petitioner, were given this opportunity, the hearing was conducted in accordance with the statute (*see Matter of Tadasky Corp. v Village of Ellenville*, 45 AD3d at 1132). Further, despite petitioner's assertions to the contrary, EDPL 204 specifically authorizes respondent to publish a synopsis, as opposed to the entirety, of its determinations and findings.

Petitioner next contends that the condemnation lacks the requisite public purpose and was impermissibly undertaken during the pendency of separate litigation concerning the parties' property rights in the land at issue. In its determinations and findings of fact, respondent specifically found that the bulkhead has been damaged over the years and that access thereto is necessary to properly maintain and preserve the structure as a means of improving water supply, fire control and alleviating the likelihood of flooding. Respondent further found that the proposed condemnation will guarantee free access to the bulkhead and Binnekill for necessary maintenance and repair and foreclose any future dispute between it and petitioner regarding its rights to access those facilities. As respondent's "exercise of the eminent domain power is rationally related to a conceivable public purpose" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 425 [internal quotation marks and citations omitted]), we find that the taking was constitutionally sound. Additionally, "[t]he fact that separate litigation was pending regarding ownership of the property does not prevent respondent from taking the property by eminent domain" (*Matter of Stefanis v Village of Fleischmanns*, 43 AD3d 581, 583 [2007]).

With regard to petitioner's assertion that respondent failed to make any findings regarding the availability of alternate sites to access the bulkhead, "this Court has previously found such argument to be an insufficient basis upon which to reject a condemnor's choice" (*Matter of Doyle v Schuylerville Cent. School Dist.*, 35 AD3d at 1059; *see Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d at 673). In any event, respondent specifically addressed this issue in its findings and determinations.

Next addressing whether respondent's determinations and findings were made in accordance with the procedures delin-

---

1. Our review of the public hearing consisted of an examination of the hearing minutes and an audio recording of the hearing. The recording was accepted by this Court after respondent's counsel represented that a transcript could not be obtained. Notably, we find that the clarity of the recording should have enabled transcription (*see* EDPL 207 [A]).

eated in ECL article 8 (*see* EDPL 207 [C] [3]; *Matter of Stefanis v Village of Fleischmanns*, 43 AD3d at 583; *Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 839 [2000]), our review is limited to consideration of "whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]; *see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 981 [2007], *lv denied* 10 NY3d 706 [2008]). Initially, we note that, although petitioner claims that respondent failed to adequately address the environmental concerns associated with the work to be performed on the bulkhead and Binnekill, the project at issue involves simply the acquisition of the property needed to access the bulkhead and, as specifically noted by respondent, does not encompass any actions that respondent may take in the future with regard to the remediation of the bulkhead and Binnekill.[2] With regard to the limited project at issue in this proceeding, respondent, as the lead agency, classified the project as an unlisted action (*see* 6 NYCRR 617.4), determined that the action would not have an adverse effect on the environment and rendered a negative declaration. Given the factors considered by respondent, as well as the fact that the subject property was already being used as an access way to the Binnekill and bulkhead, we are not persuaded that respondent's determination to render a negative declaration was inadequate (*see Matter of Stefanis v Village of Fleischmanns*, 43 AD3d at 583).

We do agree, however, with petitioner's assertion that the taking of the parcel in fee is excessive. The power of eminent domain cannot be used to take land in excess of that needed for the particular public purpose involved (*see Hallock v State of New York*, 32 NY2d 599, 605 [1973]; *Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 723 [2002]; *see also Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292, 300 [2002], *lv denied* 99 NY2d 508 [2003]). Consequently, "there may not be the acquisition of a fee when only an easement is required" (*Hallock v State of New York*, 32 NY2d at 605). Here, the sole stated purpose for the taking in fee

---

2. Indeed, the record confirms that a project for this latter purpose, entitled "Binnekill Bulkhead Reconstruction Project," is in its preliminary stages and is separate and distinct from the project at issue in this proceeding and, therefore, will necessarily be subject to the mandates of the State Environmental Quality Review Act (*see* ECL art 8) at the appropriate time.

of petitioner's land is to assure immediate access to the Binnekill and bulkhead and to allow for sufficient construction equipment to reach the site. Thus, respondent can satisfy the public purpose of access with a simple easement (*see Matter of Feeney v Town/Village of Harrison*, 4 AD3d 428, 428 [2004]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by limiting respondent's use of the power of eminent domain to the condemnation of an easement for access to the Binnekill and bulkhead; petition granted to that extent; and, as so modified, confirmed.