In the Matter of 225 FRONT STREET, LTD., Petitioner, v CITY OF BINGHAMTON, Respondent. [877 NYS2d 486]—

Kavanagh, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which found that there was a public benefit to be served by the proposed condemnation of a portion of petitioner's property.

In April 2006, respondent—through its retained consultants—completed a final design report for the "Front Street Reconstruction Project," which proposed changes to Front Street in the City of Binghamton, Broome County and its intersection with Clinton Street, to "improve traffic mobility for vehicles, pedestrians, and bicyclists and improve truck access to Bingham-

ton's First Ward."[1] The project included plans to construct a one-way connector road running between Front Street and Clinton Street to alleviate traffic problems created by the inadequate turning radius that existed at the intersection.[2] The construction of this road required the acquisition of .54 acres of property owned by petitioner.

In April 2008, respondent provided petitioner with a notice that his property would be acquired in connection with this proposal and that the purpose of the project was to "1) improve traffic mobility throughout the project area for vehicles, pedestrians and bicyclists; 2) improve truck access to Binghamton's First Ward; 3) provide standard minimum vertical clearance under [bridges] over Front and Clinton Streets; and 4) improve the visual aesthetics of the project area." A public hearing was subsequently held pursuant to EDPL 201 at which counsel for petitioner voiced objections to the project and, in particular, claimed that the connector road and the taking of petitioner's property would serve a private, not a public, purpose. After making findings and issuing a determination pursuant to EDPL 204, respondent, in July 2008, adopted a resolution that declared that the project, if implemented, would benefit the public and authorized, by eminent domain, the acquisition of petitioner's property. In response, petitioner commenced this proceeding pursuant to EDPL 207 seeking an order vacating respondent's determinations and findings and to bar the acquisition of his property by eminent domain.

The scope of our review is limited and must focus on "whether the proceeding was in conformity with constitutional requirements, whether the proposed acquisition is within the statutory jurisdiction or authority of the condemnor, whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and ECL article 8, and whether a proposed [public] use, benefit or purpose will be served by the proposed acquisition" (*Matter of Dudley v Town Bd. of Town of Prattsburgh*, 59 AD3d 1103, 1104 [2009], quoting *Matter of Pfohl v Village of Sylvan Beach*, 26

---

1. In April 2006, the US Department of Transportation, the Federal Highway Administration and the State Department of Transportation issued a final design report that recommended many of the changes contained in the proposal, including the construction of a one-way road connector between Front Street and Clinton Street.

2. During an 11-month period in 2004, there were a total of 53 vehicular accidents at the intersection, at least 11 of which were caused as the result of tractor trailers not being able to negotiate the turn from Front Street onto Clinton Street without being forced by the tight turn radius to "swing out into the intersection or jump up over a curb" and onto the sidewalk.

AD3d 820, 820 [2006]; *see* EDPL 207 [C] [1], [2], [3], [4]). Here, petitioner claims that respondent failed to establish that a legitimate public use or purpose existed that would be served by the taking of its property. We disagree. A public purpose is broadly defined (*see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven*, 47 AD3d 267, 274 [2007], *affd* 12 NY3d 735 [2009]) and encompasses " 'any use which contributes to the health, safety, general welfare, convenience or prosperity of the community' " (*id.* at 274, quoting *Greenwich Assoc. v Metropolitan Transp. Auth.*, 152 AD2d 216, 221 [1989], *appeal dismissed* 75 NY2d 865 [1990]; *see Matter of Davis Holding Co., LLC v Village of Margaretville*, 55 AD3d 1101, 1103 [2008]; *Matter of Tadasky Corp. v Village of Ellenville*, 45 AD3d 1131, 1132 [2007]; *Matter of Stefanis v Village of Fleischmanns*, 43 AD3d 581, 582-583 [2007]).

This project, as designed, seeks to address serious traffic concerns that have been created by vehicular traffic in this area. The number of accidents that have occurred at this intersection during a relatively brief period of time, many of which are directly related to the intersection's existing configuration, makes manifest the need to implement the specifics of this proposal as well as the benefit the public would derive from it. Contrary to petitioner's argument, we do not agree that merely because this one-way connector road will primarily serve commercial vehicles that travel in this area, the project has no public benefit. Putting aside the fact that commercial use of public highways has obvious public benefits, there can be no doubt but that where an intersection of two public roadways is constructed in such a way that some vehicles cannot safely negotiate it, all vehicular traffic that utilizes the area is obviously affected. This project, as designed, seeks to address such a concern and, as such, has a public purpose (*see Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie*, 268 AD2d 838, 841 [2000]). Therefore, respondent's findings and determinations must, in all respects, be confirmed (*see Matter of Stefanis v Village of Fleischmanns*, 43 AD3d at 582-583; *see also Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.