■ In the Matter of LOUISE G. RICHARDS et al., Petitioners, v TOMPKINS COUNTY, Respondent. [918 NYS2d 234]—

Garry, J.

Petitioners own real property in Tompkins County located along County Road 109, also known as Hanshaw Road. Respondent determined that a portion of that road had become deteriorated and unsafe, so it developed a plan (hereinafter the project), through its consultants, to improve and resurface that portion and to construct a sidewalk. As the project required respondent to acquire property along the roadway, respondent published notice of a public hearing in the local newspaper (see EDPL 202 [A]), mailed notice to 78 property owners (see EDPL 202 [C]), and conducted a public hearing in March 2010. Respondent subsequently identified 15 additional property owners who would be affected by the project. In June 2010, these owners were served with written notice of the prior public hearing and other project-related information. At a special meeting, respondent's Legislature considered the project and adopted a resolution approving it and condemning portions of petitioners' properties. Petitioners, five of whom were among the owners who received delayed notice, then commenced this special proceeding seeking review of the determination pursuant to EDPL 207.

The statute limits this Court's scope of review "to whether the proceeding was constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition" (Matter of Broadway Schenectady Entertainment v County of Schenectady, 288 AD2d 672, 672-673 [2001]; accord Matter of Davis Holding Co., LLC v Village of

*Margaretville*, 55 AD3d 1101, 1102 [2008]; *see* EDPL 207 [C]). Petitioners contend that the determination of respondent's Legislature was not rendered in accord with statutory procedures because timely notice of the public hearing was not served upon all affected "assessment record billing owner[s]" (EDPL 202 [C] [1]; *see* EDPL 103 [B-1]; 202 [C] [2]).

Failure to publish notice of a public hearing in the manner required by EDPL 202 (A) is a jurisdictional defect that invalidates subsequent eminent domain proceedings even when it is inadvertent (*see Matter of New Life Fellowship v City of Cortland*, 175 AD2d 343, 344 [1991]). In contrast, the "[i]nadvertent failure to notify a person or persons entitled to notice under [EDPL 202]" is not jurisdictional and does not affect the validity of a condemnor's title (EDPL 202 [D]; *see Matter of Erie Blvd. Hydropower, L.P. v Stuyvesant Falls Hydro Corp.*, 30 AD3d 641, 643-644 [2006], *appeal dismissed* 7 NY3d 843 [2006], *lv denied* 7 NY3d 718 [2006]; *Matter of New Life Fellowship v City of Cortland*, 175 AD2d at 344).[1] Respondent alleges that the 78 property owners who were originally served with notice were identified by respondent's consultants as those from whom acquisition of permanent or temporary easements was then expected to be necessary, based on their ownership interest in adjoining properties. However, following the March 2010 hearing and in part as a result of numerous public comments, respondent allegedly reexamined the deeds of adjoining property owners and decided to alter its compensation plan to include all owners of affected land outside respondent's current use for highway purposes, including those whose deeds did not reflect ownership to the centerline of the roadway or whose ownership interest was otherwise ambiguous. This change resulted in the notification of 15 additional owners, although the impact on their properties is allegedly minor and limited to a slight grading change affecting roughly one foot of their respective properties bordering the roadway. The record thus reveals that the late addition of the 15 property owners was not intentional, nor did it result from any willful or negligent failure, but from respondent's good faith effort to identify and compensate all affected property owners.

---

1. The language pertaining to inadvertent failure to give notice was reenacted without change when the requirement for service of notice on property owners was added to the statute (*see* EDPL 202 [C], as amended by L 2004, ch 450, § 2). The Legislature is thus deemed to have been aware of the prior judicial construction of the statutory language distinguishing the inadvertent failure to notify affected persons from an inadvertent failure to publish notice, and to have made that construction a part of the amended legislation (*see Lucenti v Cayuga Apts.*, 48 NY2d 530, 541 [1979]; McKinney's Cons Laws of NY, Book 1, Statutes § 75).

Notably, there is no allegation that the five petitioners who received late notice did not also have actual notice of the March 2010 hearing (*compare Brody v Village of Port Chester*, 509 F Supp 2d 269 [SD NY 2007]). The record indicates that the project had been under consideration for several years, had given rise to considerable controversy and community discussion, and had been the subject of several prior informational meetings. Before the March 2010 hearing, respondent allegedly posted a large sign on Hanshaw Road notifying the community of the public hearing. One of these five petitioners attended the March 2010 meeting and made comments that are part of the record.

Moreover, these five petitioners do not contend that the failure to provide them with timely notice precluded the use of any remedies or otherwise caused prejudice (*see Matter of Tadasky Corp. v Village of Ellenville*, 45 AD3d 1131, 1132 [2007]; *Matter of City of Mechanicville v Town of Halfmoon*, 23 AD3d 897, 899-900 [2005]). Respondent alleges that in June 2010, its representative personally visited the owners who had not previously been served, including these five petitioners, to serve them with the required notice, discuss the project with them, advise them of their right to submit written comments to be considered by respondent's Legislature, and provide them with additional information, including detailed minutes of the March 2010 hearing. Three of these five petitioners subsequently submitted written comments, and several appeared with their counsel at the Legislature's special meeting and made additional comments. Before voting, the Legislature took a recess with the specific purpose to review comments from the property owners who were served in June. Thus, before the Legislature voted, the owners were provided with "a reasonable opportunity to present an oral or written statement and to submit other documents concerning the [project]" (EDPL 203), albeit only after the hearing had occurred. We thus conclude that respondent's failure to notify the additional 15 owners before the March 2010 hearing was inadvertent within the meaning of EDPL 202 (D), and does not affect the validity of the subsequent proceedings. It is unnecessary to address respondent's further contention that notice was not required as to these five petitioners because the impact of the project on their properties was "de minimis in nature" (EDPL 206 [D]; *see Matter of County of Cortland [Miller]*, 72 AD3d 1436, 1439 [2010]).

Finally, petitioners contend that respondent failed to provide accurate maps and property descriptions at the public hearing, asserting that maps available at the meeting depicted a 50-foot right-of-way in spite of precedent which, in petitioners' view,

should have made respondent aware that the boundaries of Hanshaw Road were determined by its actual use for highway travel (*see Matter of Bauer v County of Tompkins*, 57 AD3d 1151, 1152 [2008]). The EDPL specifies that "[a]t the public hearing the condemnor shall outline the purpose, proposed location or alternate locations of the public project and any other information *it considers pertinent*, including maps and property descriptions of the property to be acquired and adjacent parcels" (EDPL 203 [emphasis added]). As respondent was not required to provide maps at the public hearing, its alleged failure in this respect would not necessarily demonstrate a failure to act in accord with its statutory authority. In any event, the record reveals that respondent did provide maps at the public hearing which had been updated to depict the roadway's boundaries according to its use.[2] Thus, petitioners have not demonstrated any reason to set aside the determination within this Court's scope of review (*see Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d at 672-673).

Peters, J.P., Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**2.** Further, and as previously discussed, respondent determined that it would compensate adjoining property owners for any affected land outside the existing highway use, even in cases where the owners' deeds do not reflect ownership rights to the center of the roadway. As respondent adopted this position, there does not appear to be a meaningful disagreement on this point.