Matter of Johnson v Town of Caroga (2018 NY Slip Op 04615)





Matter of Johnson v Town of Caroga


2018 NY Slip Op 04615


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525369

[*1]In the Matter of CHARLES F. JOHNSON et al., Petitioners,
v
TOWN OF CAROGA et al., Respondents.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Ayers Law Firm, PLLC, Palatine Bridge (Kenneth L. Ayers of counsel), for petitioners.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for respondents.


Mulvey, J.

MEMORANDUM AND JUDGMENT
Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent Town of Caroga condemning a portion of petitioners' real property for the purpose of providing expanded access to a recreational trail.
Respondent Town of Caroga seeks to acquire by eminent domain a roughly 15-foot-wide strip of land (hereinafter the strip) that runs from the western terminus of Morey Road to a recreational trail located on state land in the Town of Caroga, Fulton County. Nine parcels of real property, held by seven different property owners, abut the strip to the north and south. Many of these property owners have deeded portions of their property to the Town while others, including the estate of Suzanne Walsh and petitioners Charles Johnson and Helen Johnson, have declined to do so. Following a public hearing in October 2016, the Town Board of the Town of Caroga approved the condemnation of the strip for the purpose of expanding access from Morey Road to the recreational trail. However, when faced with a challenge in this Court to its compliance with the statutory notice requirements, the Town Board rescinded its determination and findings with regard to the proposed condemnation (Matter of Johnson v Town of Caroga, 157 AD3d 1025 [2018]). That same day, the Town Board issued resolutions recommencing the eminent domain process, published notice of a public hearing in its local newspaper and mailed notice thereof to the Johnsons and other similarly situated property owners. Following that public hearing, the Town Board adopted a determination and findings that the acquisition would, among other things, benefit the public and have no adverse effect on [*2]the environment. Petitioners now seek to annul the determination and findings of the Town Board.
In the context of this EDPL 207 proceeding, "this Court's scope of review is limited to whether the proceeding was constitutional, whether the acquisition was within the condemnor's statutory authority, whether the determination was made in accordance with the statutory procedures and whether a public use, benefit or purpose will be served by the proposed acquisition" (Matter of Davis Holding Co., LLC v Village of Margaretville, 55 AD3d 1101, 1102 [2008] [internal quotation marks and citations omitted]; see EDPL 207 [C]; Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]). Petitioners, as the parties challenging the condemnation, bear the "burden of establishing that the determination was without foundation and baseless, or that it was violative of any of the applicable statutory criteria" (Matter of Broadway Schenectady Entertainment v County of Schenectady, 288 AD2d 672, 673 [2001]; see Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720 [1989]). This they failed to do.
Petitioners' contention that the Town lacked the authority to exercise the power of eminent domain in this instance is without merit. The Town, through the Town Board, is statutorily authorized to acquire by eminent domain any land required for any public purpose (see Town Law § 64; EDPL 207 [C] [4]). While a town superintendent of highways is empowered to initiate a condemnation proceeding to "acquire so much land as may be necessary to lay out such new or additional highway" when consent to do so is granted by a town board (Highway Law § 173; see Matter of Hargett v Town of Ticonderoga, 35 AD3d 1122, 1124 [2006], lv denied 8 NY3d 810 [2007]), the strip is not to be improved, converted to or otherwise used as a public highway. To the contrary, the record confirms that the strip will continue in its existing, preacquisition condition and that its historical use as an access point to the recreational trail located on the adjoining state land will remain unchanged [FN1]. Thus, the proposed acquisition falls comfortably within the broad statutory authority granted to the Town.
Similarly unavailing is petitioners' contention that the condemnation lacks the requisite public purpose. "A public purpose is broadly defined and encompasses any use which contributes to the health, safety, general welfare, convenience or prosperity of the community" (Matter of 225 Front St., Ltd. v City of Binghamton, 61 AD3d 1155, 1157 [2009] [internal quotation marks and citations omitted]; see Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181 [2009], affd 13 NY3d 511 [2009]). The record establishes that the proposed acquisition of the strip would preserve and ensure continued public access to trails on state lands for snowmobiling, hiking and other recreational activities by Town residents and nonresident visitors, thereby enhancing tourism and providing an economic benefit. The Town further found in its determination and findings of fact that the strip provided the most direct, feasible and safe means of accessing such recreational trails and that the proposed condemnation would serve to protect the abutting property owners, such as petitioners, from any claims of liability by persons who travel upon it. Inasmuch as the exercise of the eminent domain power [*3]here is "rationally related to a conceivable public purpose" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986] [internal quotation marks and citation omitted]), the taking was constitutionally sound (see Matter of City of Plattsburgh v Weed, 96 AD3d 1117, 1118 [2012]; Matter of Rocky Point Realty, LLC v Town of Brookhaven, 36 AD3d 708, 709 [2007]; Matter of Pfohl v Village of Sylvan Beach, 26 AD3d 820, 821 [2006]; Matter of Vaccaro v Jorling, 151 AD2d 34, 39 [1989], appeal dismissed 75 NY2d 946 [1990], lvs denied 76 NY2d 704, 708 [1990], cert denied 498 US 963 [1990]).
Next addressing whether the Town Board's determinations and findings were made in accordance with the procedures delineated in ECL article 8 (see EDPL 207 [C] [3]; Matter of Adirondack Historical Assn. v Village of Lake Placid/Lake Placid Vil., Inc., ___ AD3d ___, ___, 2018 NY Slip Op 03194, *2 [2018]; Matter of Stefanis v Village of Fleischmanns, 43 AD3d 581, 583 [2007]), we find that the record fully supports the State Environmental Quality Review Act determination rendered. The Town Board, as the lead agency, classified the project as an unlisted action (see 6 NYCRR 617.4), determined that the action would not have an adverse effect on the environment and rendered a negative declaration. In so doing, the Town Board "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [2012] [internal quotation marks and citation omitted]; see Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d 1016, 1021 [2017]). Given the factors considered by the Town Board, as well as the fact that the strip was already being used as an access way to the recreational trails and that its physical condition will remain unchanged, we are not persuaded that the Town Board's determination to render a negative declaration was inadequate or otherwise in error (see Matter of War Assoc., LLC v Town of Mamakating, 157 AD3d 1040, 1045 [2018]; Matter of Davis Holding Co., LLC v Village of Margaretville, 55 AD3d at 1103-1104; Matter of Stefanis v Village of Fleischmanns, 43 AD3d at 583; Matter of Rafferty v Town of Colonie, 300 AD2d 719, 722-723 [2002]). Petitioners' related claim that the Town Board impermissibly segmented its consideration of environmental impacts by limiting its review to the acquisition of the strip, without considering activities associated with the future maintenance thereof, is wholly belied by the record.
Petitioners' remaining contentions have been considered and found to be without merit.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1:In any event, there is no statutory or judicial authority to support petitioners' argument that the power to acquire property for highway purposes lies exclusively in a town highway superintendent (see e.g. Matter of Rafferty v Town of Colonie, 300 AD2d 719, 722 [2002]).